BOLIN, Judge.
Plaintiff, Lily Bennett Dale, appeals from the ruling of the lower court upholding defendant’s peremptory exception of res judicata filed in her suit for breach of contract.
In her petition plaintiff alleged she had entered into three contracts wherein defendants agreed to do extensive repair, reconstruction and remodeling work on her house located on Mulberry Street in Tallu-lah, Louisiana. The total price of $14,800, called for in the contracts, has admittedly been paid by plaintiff and received by defendants. The breach of contract suit is based upon allegations, numbering sixty-two, describing with particularity the improper and incomplete manner in which defendants performed the work. These complaints range from failure to use the proper type flooring for the front porch to failure to use the quality of paint called for in the contract.
Defendants’ exception of res judicata rests entirely on a release, admittedly signed by plaintiff. This release is handwritten and recites as follows:
“As of 9-17-68, this date Mrs. Roy Dale releases H & N Construction Co. of all liability, and will in no way hold H & N Construction Co. responsible for any damage or vandalism occurring to her property or home on Mulberry St. This is the home and property recently improved for Mrs. Dale by H & N Construction Co. As of 9-17-68 H & N Construction has completed all work required except following, which is agreed to be done at a later date:
#1. Re-Tile kitchen
#2. Finish & touch up livingroom
#3. Finish bathroom.
H & N Construction Co.
C.O. Howard
Ed Nassar
“I have read the above and hereby set my signature Lily Dale”
*776 Mrs. Dale testified repeatedly that only the first two sentences were on the release when she signed it and that she signed it for the sole purpose of permitting defendants to dispense with a night watchman on the premises. She also stated neither the last sentence, the date nor the signatures of defendants were on the paper.
Nevertheless, the trial judge concluded from other testimony of both plaintiff and defendants that the release was a valid binding compromise, based on consideration, and had the effect of a judgment as between the parties.
Three errors are specified by appellant:
“I. Trial court erred in failing to refer to the merits defendants’ peremptory exception based on the objection of res ju-dicata.
“II. Trial court was manifestly erroneous in giving more credence to testimony of defendants than to that of plaintiff.
“III. Trial court erred in finding sufficient consideration in the Exhibit marked ‘D-T for identification thereby giving it the legal effect of a valid release or compromise.”
We first turn our attention to the third specification of error, i. e. the holding that there was sufficient consideration to make the release a legal compromise, so as to render the matter res judicata.
The trial judge quoted the testimony of Mrs. Dale to show that the latter received a benefit from signing the release. When asked by counsel if she thought she gained anything by signing the release she replied, “I certainly did.” She was then asked what she thought she was gaining and she answered, “I felt like that I was helping him out that much. And I tried to work with him the whole time they were on the job.” Further, “I felt if I worked with them they would work with me.” However, she was emphatic throughout the trial of the exception that she knew the work was not finished and she had no intention of releasing defendants from their obligations under the original contracts.
In the light of this testimony we have considered the original contracts and the testimony of defendants to determine whether there was in fact any benefit to be gained by plaintiff which was not already due her.
The testimony of defendants’ witness Greer confirmed that he was the person who had last contacted plaintiff prior to the time the release was signed. When asked by his employers, Mr. Nassar and Mr. Howard, what remained to be done in order to finish the work on Mrs. Dale’s house, he specified the work of retiling the kitchen, painting in the living-room and refinishing the bathroom. It is apparent from this testimony, as well as that of Mr. Howard and Mr. Nassar, they considered the original contracts encompassed completion of the items listed.
Article 3071 of the Louisiana Civil Code defines compromise:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
“This contract must be reduced into writing.”
Cases interpreting this article have held consideration is a necessary element of the compromise in order to bind the parties. See Bielkiewicz v. Rudisill (La.App. 3 Cir., 1967), 201 So.2d 136; also 14 Tulane Law Review 285.
In Hyatt v. Hartford Accident & Indemnity Company (La.App. 3 Cir., 1969), 225 So.2d 102, the court, following Bielkiewicz, held:
“The evidence establishes that no consideration was paid to or received by plaintiff for these releases. Also, the releases were not executed to put an end to *777 the pending lawsuit or to adjust the differences between the parties by mutual consent. Neither of these two documents, therefore, can be considered as a ‘transaction’ or a ‘compromise’ within the meaning of La.C.C. art. 3071.”
We have examined the remaining cited cases but conclude the law, as exemplified in Bielkiewicz, controlling on the issue here involved. The codal article makes it clear that a compromise is an agreement for preventing or putting an end to a lawsuit by adjusting the differences in a manner in which the parties agree by mutual consent. At the time Mrs. Dale signed the release in the instant case there was neither a lawsuit pending nor imminent, nor was there evidence of any “differences” between the parties. The only benefit which Mrs. Dale could have expected from the release was the completion by defendants of the work which they were already obligated to do under the original contracts.
The judgment of the lower court is reversed and set aside. The exception of res judicata is overruled and the case is remanded for further proceedings according to law and not inconsistent with the views expressed herein. Appellee is cast with costs of the appeal, other costs to await the final outcome of the case.