458 So.2d 212 (1984)
James WATKINS
v.
JOHNS-MANVILLE CORPORATION et al.
No. 84-CA-41.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1984.
*213 M.H. Gertler, Gertler & Gertler, New Orleans, for plaintiff-appellant.
William H. Howard, III, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendants-appellees.
Before CURRAULT, GAUDIN and DUFRESNE, JJ.
CURRAULT, Judge.
Plaintiff, James Watkins, appeals a judgment granting an exception of res judicata filed by defendant, IMCO Services (IMCO) in a tort suit. The exception was granted based on a previous settlement and compromise which undisputedly disposed of plaintiff's worker's compensation suit.
The facts reveal that plaintiff was employed by IMCO, a division of Halliburton Company, from 1960 until 1980. In a worker's compensation suit filed on August 8, 1980, he claimed that during the period of employment he contracted pneumoconiosis as a result of exposure to toxic fibers, asbestos, silica and other dangerous materials. On March 31, 1981, a compromise and settlement agreement was entered into in which plaintiff received Twenty-Five Thousand Dollars ($25,000).
On June 15, 1981, three months later, plaintiff instituted a related tort action against defendant IMCO and their executive officers.
On January 27, 1983, defendant filed a peremptory exception of res judicata based on the prior settlement and compromise. Hearing on the exception was held on May 10, 1983 and the trial court rendered judgment granting the exception on September 26, 1983.
Plaintiff subsequently perfected an appeal of the judgment alleging that the trial court erred in dismissing plaintiff's tort suit based on a general release of plaintiff's worker's compensation suit when plaintiff neither consented to nor received any consideration for a release of his tort claim.
Under LSA-R.S. 23:1271, an injured employee or his dependents have the right to compromise a worker's compensation claim. Further, a tort claim against the employer may be settled along with a contested worker's compensation claim. Cripe v. Haynes, 350 So.2d 956 (La.App. 2d Cir.1977); Meinerz v. Treybig, 245 So.2d 557 (La.App. 3d Cir.), writ refused 258 La. 580, 247 So.2d 395 (La.1971).
Article 3071 of the Louisiana Civil Code defines compromise:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which everyone of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be reduced to writing...."
Consideration is a necessary element of the compromise in order to bind the parties. Burns v. Fernandez, 401 So.2d 1033 (La.App. 4th Cir.1981); Dale v. Nassar, 240 So.2d 775 (La.App. 2d Cir. 1970); Hyatt v. Hartford Accident and Indemnity Company, 225 So.2d 102 (La. App. 3d Cir.1969).
*214 As noted by appellant, the court in Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir.1967) in overruling an exception of res judicata explained:
"A compromise is defined in LSA-C.C. Art. 3071 as an agreement by which the parties adjust their differences to prevent or put an end to a law suit. Collier v. Administrator, Succession of Blevins, La.App. 4th Cir., 136 So.2d 774. A compromise is a bilateral contract. `When one party has all to gain and nothing to lose, no compromise results.' Comment, Compromise in Louisiana, 24 Tul.L.Rev. 282, at 285 (1940). Green v. National Life & Acc. Ins. Co., La.App. Orl.Cir., 183 So. 604.
"In some cases, a release may indeed be considered a compromise and therefore the basis for a peremptory exception. See, e.g., cases cited in Bowden v. State Farm Mutual Auto. Ins. Co., La.App. 3d Cir., 150 So.2d 655. However, in all cases found, there was something given in exchange for the execution of the release, either a payment of money, Bowden itself, or a mutual release....
"We therefore conclude that the exception of res judicata must be overruled because the unilateral `release' executed herein by each plaintiff without shown or proved consideration does not constitute a binding bilateral compromise which may be the basis of res judicata." Id. at 141.
The compromise and settlement herein provided that appellant release appellee from any and all liability in return for which he received Twenty-Five Thousand Dollars ($25,000). Appellant asserts, however, that the $25,000 is insufficient consideration to include the pending worker's compensation action and the tort claim. In support of his contention, he cites the court to Meinerz v. Treybig, supra. There an injured employee brought an action in tort against the president of an oil exploration company for damages arising out of an industrial accident and subsequently signed a compromise settlement of both worker's compensation claims and any tort claims for damages which he might have had against the employer and their executive officers. In calculating whether the employee had been compensated for his compromise of his tort claims, the court looked to the procedure for such calculations as set forth in Title 12 of the Louisiana Revised Statutes. Under the conditions of the settlement in Meinerz, supra, the plaintiff received the sum of Fifty-Five Dollars ($55) over and above the amount due under LSA-R.S. 23:1221(4)(l) for the loss of an eye. The court considered this sum to be valid consideration for a compromise of his tort claim.
Appellant urges this court to utilize the same procedure to determine the issue. However, in light of our review, we find that the Meinerz case is factually distinguishable. In Meinerz, the plaintiff was undisputedly entitled to worker's compensation benefits. Thus, for the court to find consideration for the release of the tort suit, it was necessary that plaintiff receive something over and above the amount of the benefits. For the same reason, the case of Burns v. Fernandez, 401 So.2d 1033 (La.App. 4th Cir.1981), an automobile accident case cited by appellant does not apply. There the Court of Appeal affirmed the trial court's denial of All-Star's exception of res judicata based on a prior release in that All-Star, as insurer of the driver, already owed the plaintiff the full amount (within its limits) of her damages. Therefore, the court held that any promise by All-Star to pay part of the already existing debt gave the plaintiff nothing she did not already have, and thus was not true cause or consideration for her promise of release. Finally, Dale v. Nassar, supra, involving a release under contracts for extensive repairs, reiterates the same proposition, i.e., that an agreement is not supported by valid consideration where a party receives nothing to which it is not already entitled.
In this case, there is no evidence that appellant was unequivocally entitled to benefits under the worker's compensation statute. Consequently, the amount of the *215 settlement is not a basis upon which this court may overturn the exception of res judicata.
Appellant argues finally that the parties neither intended nor consented to settle anything other than the compensation action.
Louisiana law provides that compromise agreements cannot be attacked for error in law or for lesion, although they can be attacked for errors in calculation, error in the person, fraud, violence or an error on the matter in dispute. LSA-C.C. arts. 3078-3079; Condoll v. Johns-Manville Sales Corp., 448 So.2d 169 (La.App. 5th Cir.1984).
In Condoll v. Johns-Manville Sales Corp., supra, this court noted:
"A compromise agreement extends only to those matters which the parties expressly intend to settle. LSA-C.C. Art. 3073; Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir. 1975). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence, LSA-C.C. Art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir. 1982). An exception to this rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement, LSA-C.C. Art. 3079, Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, 404 So.2d 1008 (La. App. 4th Cir.1981)." At page 172.
Louisiana jurisprudence, however, also provides that the intent of the parties to a written contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. LSA-C.C. art. 1945; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982); Condoll, supra.
At the hearing on the exception, the trial court reviewed the document in question and heard testimony of appellant's attorney.[1] Appellant was absent without explanation, and thus the record lacks his testimony as to what matters were intended to be included in the compromise.
The language of the document states in pertinent part:
"... And Appearer does hereby further release said IMCO Services, division of Halliburton Company, their physicians, surgeons, officers, directors, employees, agents, successors and assigns, and any of them, of and from any and all liability for compensation, damages and expenses of any character whatsoever growing out of or on account of the Appearer's employment with IMCO Services, division of Halliburton Company, during 1970-80, or at any other time while Appearer was employed by IMCO Services, division of Halliburton Services. Appearer declared that he does hereby grant unto IMCO Services, division of Halliburton Company, their officers, directors, employees, agents and assigns, and any one or more of them full discharge and acquittance therefor, and does hereby forever release IMCO Services, division of Halliburton Company, their officers, directors, employees, agents and assigns, and each and all of them from any and all liability to Appearer." (Emphasis added)
On the other hand, appellant's attorney testified that the compromise agreement was not intended to extend further than the compensation action. In support, he stated that it was his belief that the tort suit was also pending at the time and at no time did the defendant file a motion to dismiss the tort suit. He further stated to *216 the best of his belief the judge approving the settlement was not informed that the settlement included the tort action and that all fees collected were charged under the compensation suit.
However, a review of the record indicates that the tort suit was in actuality not filed until three months following the settlement and counsel's testimony was based on erroneous information. Consequently, in our opinion, the trial court was not in error by relying solely on the clear and unambiguous language of the document which appellant signed, in granting the exception of res judicata, particularly in view of the fact that appellant was represented by competent counsel.
For the foregoing reasons, we affirm the trial court judgment granting the exception of res judicata and dismissing appellant's suit with prejudice. Costs of this appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] Appellee attached exhibits to his brief which included an affidavit by defendant's attorney contradicting the testimony of appellant's attorney. He alleges the trial court granted permission to defendant to file the affidavit subsequent to the hearing. However, as neither the affidavit nor the court's statement in this regard can be found in the record before us, this evidence cannot be considered on appeal.