543 So.2d 547 (1989)
Rosiland SPENCER
v.
HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC.
No. 89-CA 0002.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
Writ Denied June 30, 1989.
William R. Mustian, III, Metairie, for appellant.
David Israel, Christopher C. Johnston, Pamela A. Sweeney of McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for appellee.
Before CIACCIO, WARD and BECKER, JJ.
CIACCIO, Judge.
Plaintiff appeals devolutively from a judgment of the district court which dismissed her action for wrongful termination of employment. The trial court maintained defendant's exceptions of no cause of action and res judicata. We affirm the judgment maintaining the exception of res judicata and find it unnecessary to review the exception of no cause of action.
The parties agree to the following facts:
In 1980 plaintiff, Rosiland Spencer, sustained a work related injury to her lower back. She received worker's compensation benefits for this injury. In April, 1986 she suffered an aggravation of that injury and again received compensation benefits. In April, 1987 Howard, Weil determined that Spencer had no residual disability and terminated her worker's compensation benefits. Howard, Weil invited Spencer to return to work but Spencer refused, claiming she was totally disabled and unable to work. Because Spencer claimed that she *548 was unable to return to work she was discharged on April 30, 1987.
On May 14, 1987 plaintiff filed suit against the defendant seeking compensation benefits. (Doc. No. 87-8509 D). On January 4, 1988 plaintiff and defendant entered into a settlement agreement whereby plaintiff received $30,000 in return for her relinquishment of certain rights against the defendant, including dismissal of her lawsuit seeking compensation benefits. Thereafter a judgment of dismissal was entered in that lawsuit.
On April 28, 1988 plaintiff filed this action for damages alleging that she was "terminated from her employment with the defendant in retaliation for having asserted her rights to benefits under the Louisiana Workmen's Compensation Law" in violation of Revised Statute Title 23 Section 1361.
On August 15, 1988 the defendant filed peremptory exceptions of no cause of action and res judicata with a memorandum which included copies of the plaintiff's petition for worker's compensation and the judgment in that case. (Doc. No. 87-8509 D) An opposition to the exception, containing a copy of the receipt and release, was filed by the plaintiff on October 14, 1988.
The trial court rendered judgment maintaining the exceptions of no cause of action and res adjudicata. On appeal, plaintiff urges that the trial court erred in maintaining the exceptions, claiming that the language in the consent judgment rendered in plaintiff's worker's compensation suit and in the companion receipt and release did not manifest an intent by the parties to compromise plaintiff's claim for wrongful termination of employment.
Plaintiff urges that the exception of res judicata is not applicable because the "thing demanded" in the compensation suit was distinct from her claim in tort for retaliatory discharge which is the basis for the current suit.
In order for an exception of res judicata to apply three elements must exist:
La.R.S. 13 Sec. 4231. Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Our review of both suits shows that, in both cases, the parties are the same and the demands are between the same parties who are acting in the same capacities. In order for res judicata to apply, we must determine whether the thing demanded is the same and if it is founded upon the same cause of action.
The plaintiff in this action for wrongful termination asserts her rights under a provision of the Louisiana Worker's Compensation Act which provides in pertinent part:
La.R.S. 23:1361(B)
No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any other state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
The consent judgment rendered in the suit for worker's compensation provided:

JUDGMENT
This matter has been presented to the Court on the joint petition and agreement of ROSILAND SPENCER, HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, and the Court having been fully informed and having discussed the proposed compromise settlement and its terms with the said ROSILAND SPENCER, who appeared personally before the Court accompanied by her attorney, and it appearing that the said ROSILAND *549 SPENCER has been fully advised of all her rights under the laws of Louisiana, particularly the Louisiana Workmen's Compensation Laws, being Act 20 of 1914 of Louisiana, and the other laws of Louisiana, and that the settlement is fair and equitable and does substantial justice to the parties, and was entered into primarily and exclusively to avoid litigation, and that the settlement has been recommended to the Court by the attorney for ROSILAND SPENCER.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the said compromise settlement be, and it is hereby approved and homologated and made the judgment of this Court, and that, accordingly, the said ROSILAND SPENCER have and recover judgment against HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and its insurer (s) in solido in the amount of THIRTY-THOUSAND and NO/100 ($30,000.00) DOLLARS all in full and final payment, settlement, satisfaction and compromise of any and all claims for workmen's compensation, including past and future medical expenses, vocational rehabilitation expenses, damages and expenses due and to become due the said ROSILAND SPENCER by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. its insurer, FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, arising under the Louisiana Workmen's Compensation Laws and the federal laws of worker's compensation or however, arising, on account of and/or growing out of the alleged accident and injuries to ROSILAND SPENCER which occurred on or about December 5, 1980 or at any other time, or as a result of anything else that may have occurred to ROSILAND SPENCER while employed by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon said payment being made, ROSILAND SPENCER be, and she is hereby, authorized and empowered to execute a full, binding and complete release for all claims of every nature, character and kind to HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and its insurer and each and both of them, arising out of or growing out of the alleged accident which occurred on or about December 5, 1980 or at any other time, or anything else that may have occurred to ROSILAND SPENCER while employed by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC.
IT IS FURTHER ORDERED that the fee of the attorney for ROSILAND SPENCER will be fixed at $4,000.00 to be paid out of the proceeds of this settlement.
Pursuant to the judgment plaintiff executed the following receipt and release:

RECEIPT AND RELEASE
Pursuant to the judgment hereinbefore set forth, for and in consideration of the payment to me by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, of the sum of THIRTY-THOUSAND and NO/100 ($30,000.00) DOLLARS in cash, receipt of which is hereby acknowledged this 4th day January, 1988, I do hereby release, acquit and forever discharge HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and any and all of its agents, representatives, officers, stockholders, directors and employees and/or its insurer, FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, from any and all liability under the laws of Louisiana or any other state for compensation, medical, surgical or hospital expenses, contingent expenses, vocational rehabilitation expenses, damages, and all other amounts, if any, which might be due me by reason of the alleged accident which occurred on or about December 5, 1980 *550 or of any accident prior to the date hereof.
I do further agree to indemnify and hold forever harmless the said HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and its insurer, FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, from any and all claims that may be made or asserted by me or by any provider of medical, surgical and hospital services, medicines, medical or non-medical treatment of any kind provided on account of or following the alleged work accident causing injury to claimant's low back whether such claim is made by way of an action based upon statutory lien, indemnity, contribution, subrogation or otherwise.
A release of claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata. A tort claim against the employer may be settled along with a contested worker's compensation claim. Watkins v. Johns-Manville Corp., et al, 458 So.2d 212 (La.App. 5th Cir.1984); Meinerz v. Treybig, 245 So.2d 557 (La.App. 3rd Cir. 1971), writ refused 258 La. 580, 247 So.2d 395 (1971). The intent of the parties to a written contract is to be determined by the words of the contract when they are clear, explicit and lead to no absurd consequences. L.S.A. C.C. Art. 1945; Watkins v. Johns-Manville Corp., supra; Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La.App. 5th Cir.1984).
Although plaintiff contends that she had no intent to compromise any action in addition to her worker's compensation claim, there is specific language in the joint compromise petition, in the consent judgment and in the receipt and release which acts to release all claims that plaintiff had against her former employer.
The prayer of the joint petition recites:
...in the full and final settlement, payment, satisfaction and compromise of any and all claims which ROSILAND SPENCER has or may hereafter acquire against HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. or any of its agents, representatives, officers, stockholders, directors and/or employees or FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES or any of their agents, representatives, officers, stockholders, directors and/or employees whether by way of compensation, medical, surgical or hospital expenses, vocational rehabilitation expenses, damages, and all other amounts, if any, which might be due by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. or any of its agents, representatives, officers, stockholders, directors and/or employees, (Emphasis Supplied)
The consent judgment provided in part:
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the said compromise settlement be, and it is hereby approved and homologated and made the judgment of the Court, and that, accordingly, the said ROSILAND SPENCER have and recover judgment against HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and its insurer (s) in solido in the amount of THIRTY-THOUSAND and NO/100 ($30,000.00) DOLLARS all in full and final payment, settlement, satisfaction and compromise of any and all claims for workmen's compensation, including past and future medical expenses, vocational rehabilitation expenses, damages and expenses due and to become due the said ROSILAND SPENCER by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and/or its insurer, FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, arising under the Louisiana Workmen's Compensation Laws and the federal laws of worker's compensation or however, arising, on account of and/or growing out of the alleged accident and injuries to ROSILAND SPENCER which occurred on or about December 5, 1980 or at any other *551 time, or as a result of anything else that may have occurred to ROSILAND SPENCER while employed by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon said payment being made, ROSILAND SPENCER be, and she is hereby authorized and empowered to execute a full binding and complete release for all claims of every nature, character and kind to HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and its insurer and each and both of them, arising out of or growing out of the alleged accident which occurred on or about December 5, 1980 or at any other time, or anything else that may have occurred to ROSILAND SPENCER while employed by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. (Emphasis supplied)
Her claim for retaliatory discharge, if valid, could only arise from La.R.S. 23:1361(B) which is contained within the Louisiana Workmen's Compensation Law and the consent judgment specifically discharged Howard, Weil from all claims arising under the Louisiana Workmen's Compensation Law.
The receipt and release stated:
I do hereby release, acquit and forever discharge HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and any and all of its agents, representatives, officers, stockholders, directors and employees and/or its insurer, FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, from any and all liability under the laws of Louisiana or any other state for compensation, medical, surgical or hospital expenses, contingent expenses, vocational rehabilitation expenses, damages, and all other amounts, if any, which might be due me by reason of the alleged accident which occurred on or about December 5, 1980 or of any accident prior to the date hereof.
I do further agree to indemnify and hold forever harmless the said HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC. and its insurer, FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY, MEMBERS OF THE CHUBB GROUP OF INSURANCE COMPANIES, from any and all claims that may be made or asserted by me or by any provider of medical, surgical and hospital services, medicines, medical or non-medical treatment of any kind provided on account of or following the alleged work accident causing injury to claimant's low back whether such claim is made by way of an action based upon statutory lien, indemnity, contribution, subrogation or otherwise.
The express language of the joint petition, consent judgment and release must be considered in the context that plaintiff's compensation claim was contested, that her employment had been terminated seven months earlier and her cause of action for retaliatory discharge was in existence.
The receipt and release contained no reservation of rights to pursue the retaliatory discharge claim, nor did it exclude that cause of action from the effects of the release. In a similar situation, the court held that a general release may cover all present and future causes of action arising out of an employer-employee relationship. Condoll v. Johns-Manville Sale Corp., supra.
It strains the imagination to believe that Howard, Weil would offer $30,000.00 to settle a contested claim of a former employee who had been discharged many months prior unless the settlement was intended to bring to a conclusion all disputes or causes of action existing between them. The failure of plaintiff's attorney to reserve her right to pursue this claim in the face of the broad language in the judgment and release, i.e., "or at any other time, or as a result of anything else that may have occurred to ROSILAND SPENCER while employed by HOWARD, WEIL, LABOUISSE & FRIEDRICHS, INC.", leads to no other interpretation but that the tort action was contemplated and provided for *552 by the express language of the judgment and release and we find no error in the ruling of the trial judge when he resolved this factual matter, i.e., the intent of the parties, in favor of appellee.
It is clear that the thing demanded is the same and is founded upon the same cause of action. For the foregoing reasons the judgment of the district court sustaining the exception of res judicata is affirmed.
Appellant shall bear all costs.
AFFIRMED.