# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1264

**JOSEPH CHARLES CARPENTER**

**VERSUS**

**ALLIED WASTE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-5315
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**C. Luke Edwards**
**Attorney at Law**
**Post Office Box 3483**
**Lafayette, Louisiana 70502**
**(337) 233-9995**
**Counsel for Plaintiff/Appellant:**
     **Joseph Charles Carpenter**

**Sidney F. Lewis**
**David K. Theard**
**Jones, Walker, Waechter, Poitevent,**
**Carrére & Denégre**
**201 St. Charles Avenue, 50th Floor**
**New Orleans, Louisiana 70170-5100**
**(504) 582-8352**
**Counsel for Defendant/Appellee:**
     **BFI Waste Services, LLC d/b/a Allied Waste Services of Acadiana-Scott**

**KEATY, Judge.**

Plaintiff appeals from the trial court's granting of summary judgment in favor of Defendant. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Defendant, BFI Waste Services, LLC d/b/a Allied Waste Services of Acadiana-Scott (Allied Waste), is engaged in commercial and residential garbage collection. Plaintiff, Joseph Charles Carpenter (Carpenter), was employed by Allied Waste as a garbage truck driver. Carpenter allegedly pulled a muscle in his back in 2006 and was placed on light-duty work which consisted of driving a pickup truck and a boom truck. In August 2007, Carpenter allegedly suffered a second injury to his lower back while at work and could no longer perform his light-duty work.

In December 2007, Carpenter was placed on twelve weeks leave pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. 2612. When Carpenter failed to return to regular-duty work at the end of his twelve weeks of FMLA leave, he was placed on additional company leave for fourteen weeks. When he was unable to return from his FMLA leave and the extended leave which totaled twenty-six weeks, his employment was terminated effective June 26, 2008. Carpenter was eligible for re-hire.

On August 13, 2008, Carpenter filed a Disputed Claim for Compensation (Form 1008) with the Louisiana Department of Labor (LDOL) seeking workers' compensation benefits under the Louisiana Workers' Compensation Law (the Act) as a result of his alleged 2006 and 2007 work-related injuries. *See* La.R.S. 23:1020.1. A Judgment of Approval of Settlement (settlement) was signed and entered on September 6, 2011, with respect to Carpenter's workers' compensation claim. Carpenter received a full and final lump sum of $200,000 for his injury.

The settlement specifically discharged Allied Waste from any and all liability, including "penalties," "tort claims," "causes of action," and "employment discrimination or any statutory or jurisprudential remedy under the provisions of La. R.S. 23:1021 et seq."

Prior to the signing of the settlement, Carpenter filed a Petition for Wrongful Termination against Allied Waste on September 19, 2008. Allied Waste filed a motion for summary judgment which was heard on September 28, 2009. The trial court deferred judgment on the motion pending resolution of Carpenter's workers' compensation claim. Upon the settlement of Carpenter's workers' compensation claim, Allied Waste re-filed its motion for summary judgment, which was heard on June 11, 2012. The trial court granted Allied Waste's motion based upon Carpenter's admission that he could not return to work. Carpenter appeals the trial court's granting of summary judgment in favor of Allied Waste.

## DISCUSSION

"Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *La. Safety Ass'n of Timbermen-Self Insurers Fund v. La. Ins. Guar. Ass'n,* 09-23, p. 5 (La. 6/26/09), 17 So.3d 350, 353 (citing *Power Mktg. Direct, Inc. v. Foster*, 05-2023 (La. 9/6/06), 938 So.2d 662).

## I.     Unlawful Termination

Carpenter alleges he sustained a work-related injury to his back and was denied medical treatment that had been recommended by his treating physician, Dr. Geoffery Mire. Carpenter contends that because he could not receive the medical treatment, he was unable to return to work, and he was terminated from

2

employment. As such, Carpenter contends he was terminated because Allied Waste refused to provide medical treatment, i.e., physical therapy, for his work-related injury which precluded him from returning to work.

In opposition, Allied Waste contends Carpenter was afforded generous leave but was unable to return to work. It further contends that Carpenter's discharge was specifically authorized by La.R.S. 23:1361(B) of the Act which provides, in pertinent part, "[n]othing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment." Finally, Allied Waste submits that Carpenter's argument that his claim should succeed based on Allied Waste's refusal to authorize continued therapy fails in light of Carpenter's own admissions that the therapy was doing no good and that he could never drive a garbage truck again.

We find the trial court did not err in granting Allied Waste's motion for summary judgment as Carpenter was lawfully discharged in light of his physical inability to return to work. It is undisputed that Carpenter was discharged after twenty-six weeks of leave because of his admitted inability to perform his regular job duties <u>and</u> the light-duty work provided by Allied Waste. Carpenter admits on the face of his petition and in his brief that he "was unable to recover from his injuries and was precluded from returning from his employment." Carpenter should have known that he had no right to an indefinite leave or to light-duty work on an indefinite basis.

Carpenter's only argument is that Allied Waste could not terminate him because it refused to provide the physical therapy needed to help him recover. There is absolutely no authority for this argument. In essence, Carpenter argues that an employer cannot dispute an employee's workers' compensation claim without violating the workers' compensation retaliation provisions. Furthermore,

3

Carpenter admitted that: (1) the therapy was not helping; (2) he was able to perform therapy at home; and (3) regardless, he could never drive a truck again.

The Act states that "[n]o person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter. . . . Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment." La.R.S. 23:1361(B). "To maintain an action for retaliatory discharge under La.R.S. 23:1361, the employee must prove, by a preponderance of the evidence, that he was terminated because he asserted a claim for workers' compensation benefits." *Graham v. Amberg Trucking, Inc.*, 07-573, p. 4 (La.App. 3 Cir. 10/31/07), 969 So.2d 718, 721 (citing *Penn v. La.-1 Gaming*, 06-928 (La.App. 5 Cir. 4/11/07), 954 So.2d 925).[1] "The [workers' compensation retaliation] statute clearly provides that termination because of the employee's inability to work due to injury is not retaliatory." *McDonald v. Television Mgmt., Inc.*, 93-2493, p. 6-7 (La.App. 4 Cir. 9/29/94), 643 So.2d 802, 805, *writ denied*, 94-2642 (La. 12/16/94), 648 So.2d 393. We find Carpenter's claim for wrongful discharge based on his physical inability to perform his job duties due to his injuries must fail as a matter of law. As such, the trial court's ruling was not manifestly erroneous.

## II. Settlement

Carpenter argues that his present tort claim, i.e., his Petition for Wrongful Termination, was not released based upon the workers' compensation settlement.

---

[1] This suit, which is entitled Petition for Wrongful Termination, does not allege retaliatory discharge. Indeed, in his petition, Carpenter neither cites the anti-retaliation provision of the Act, nor does he allege he was discharged because he asserted a claim for workers' compensation benefits. However, his brief on appeal refers to La.R.S. 23:1361 which encompasses retaliatory discharge.

4

Carpenter contends the settlement limits the release to those remedies available under La.R.S. 23:1021 pursuant to La.R.S. 23:1271.

In opposition, Allied Waste contends that Carpenter's wrongful termination claim was extinguished when he signed the release for his workers' compensation claim and that any claim against Allied Waste in tort, based on its contesting Carpenter's workers' compensation claim, is not allowed under Louisiana law.

The jurisprudence provides that a tort claim against an employer may be settled along with a contested workers' compensation claim. *See Watkins v. Johns-Manville Corp.*, 458 So.2d 212 (La.App. 5 Cir. 1984). In *Spencer v. Howard, Weil, Labouisse and Friedrichs, Inc.,* 543 So.2d 547 (La.App. 4 Cir. 1989), a plaintiff received $30,000 in her workers' compensation case. She subsequently filed a workers' compensation retaliation suit. The court noted that her workers' compensation release "contained no reservation of rights to pursue the retaliatory discharge claim, nor did it exclude that cause of action from the effects of the release." *Id.* at 551. The *Spencer* court cited *Condoll v. Johns-Manville Sales Corp.*, 448 So.2d 169 (La.App. 5 Cir. 1984) for the proposition that a general release may cover all present and future causes of action arising out of an employer-employee relationship. In *Spencer*, the failure of the plaintiff to reserve her right to pursue the retaliation claim in the face of the broad language in the judgment and release led the court to conclude that no other interpretation but that the tort action was contemplated and provided for by the express language of the judgment and release.

Like the release in *Spencer*, the settlement here released Allied Waste from "tort claims or causes of action, and/or for employment discrimination." It also released any past, present, or future penalty under the Act. As such, the release

effectively served to extinguish Carpenter's current claim. The trial court's judgment was not manifestly erroneous.

## DECREE

The judgment of the trial court is affirmed. All costs of this appeal are assessed against Joseph Charles Carpenter.

**AFFIRMED.**