422 So.2d 230 (1982)
Dwight THOMPSON
v.
The BANK OF NEW ORLEANS AND TRUST COMPANY.
No. 13255.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Dwight Thompson, in pro. per., Marco A. Rosamano, New Orleans, for plaintiff-appellant.
Robert J. Neal, New Orleans, for defendant-appellee.
Before KLEES, BYRNES and WARD, JJ.
*231 KLEES, Judge.
Plaintiff, Dwight Thompson, appeals from the dismissal of his suit for damages against Defendant, Bank of New Orleans and Trust Company, on an exception of res judicata based upon a release plaintiff executed in favor of defendant.
The issue presented to us for determination is whether the release agreement signed by the plaintiff precludes him from seeking damages for malicious prosecution from defendant. The trial court found that it does, and we affirm.
On October 8, 1979, the plaintiff entered defendant's Elysian Fields branch in order to cash a check. As the plaintiff exited the bank, he injured his hand when he pushed it through the bank's plate glass door. The bank accused the plaintiff of deliberately breaking the glass, and, on their complaint, he was arrested by the police for criminal damage to property. The criminal charges were subsequently dropped.
On October 13, 1980, plaintiff signed a release agreement with the defendant for claims arising out of the October 8, 1979, incident. However, on January 16, 1981, he filed suit against defendant for malicious prosecution. Defendant filed an exception of res judicata based on the release agreement. The trial court granted the exception, and the plaintiff now appeals.
Defendant contends that the release executed by the plaintiff on October 13, 1980, was intended to be a full and final settlement of all claims against them arising from the October 8, 1979 incident and argues that any subsequent claim arising from this incident is barred by the doctrine of res judicata. Although the doctrine of res judicata is normally based on the conclusive legal presumption of "the thing adjudged" between the same parties, the doctrine is also applicable where a transaction or settlement of a disputed or compromised matter has been entered into between parties. Hancock v. Lincoln American Life Insurance Company, 278 So.2d 561 (La.App. 1st Cir.1973); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967).
The following articles of the Louisiana Civil Code also support the position of the defendant:
Art. 3071. A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing.
Art. 3078. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
The plaintiff argues that the release agreement was not intended to cover any claim for malicious prosecution. He asserts that the release applied only to his personal injury claims arising from the alleged accident.
The following articles of the Louisiana Civil Code support the position of the plaintiff:
Art. 3073. Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.
Art. 3079. A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.
Support of this argument is also found in the jurisprudence of our state. It has been held that a general release will not bar *232 recovery for those aspects of a claim not intended to be covered by the release. Henderson v. Stansbury, 372 So.2d 1253 (La. App. 3rd Cir.1979). Additionally, it has been held that a release, although granted for consideration and purporting to release all claims for injuries, losses and damages resulting from a particular accident, does not constitute a compromise of claims where there was no intent to release such claims. Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (La.1961).
In order to ascertain whether there was an intent of the parties here to release a claim such as the one for malicious prosecution, it is necessary to carefully analyze the wording of the agreement. In relevant part, the release agreement states:
For and in consideration of the total sum of FIVE HUNDRED DOLLARS ($500.00) paid to him, the said Dwight Thompson herein sometimes referred to as "Appearer" paid by Maryland Casualty Company for itself and for the exoneration and the benefit of Bank of New Orleans receipt of which sum is hereby acknowledged, but with full reservation of all of your Appearer's rights against Kawneer Manufacturer and its general liability insurance carrier whose name is presently unknown, and all other third persons whomever, Appearer does by these presents release, remit and forever discharge Maryland Casualty Company and Bank of New Orleans only, of and from any and all claims, demands, suits, actions, rights of action, causes of action, and liability whatsoever which against said parties relapsed hereby only, their heirs, legatees, executors, administrators, officers, directors, stockholders, indemnitors, successors, and assigns, your Appearer has had, now has or may in the future have for bodily injury, physical and mental pain and suffering and anguish disability, whether temporary or permanent, total or partial, and aggravation of pre-existing physical conditions, and disabilities, medical expenses for the past, present, future, and any and all other damages, losses, and expenses, without limitation whatsoever, suffered or which may in the future be suffered by Appearer, which arise from or are in any way connected with that certain accident which occurred on or about October 8, 1979 on the premises of the Bank of New Orleans located at 3231 Elysian Fields in the City of New Orleans, Orleans Parish, State of Louisiana, to-wit cosmetic and scar injuries to his hand as a result of attempt to move the door so he could exit from the said bank and unbeenknown to him the glass shattered and cut the said hand in several places.
The language of the agreement specifically releases defendant from all "causes of action" arising from the incident. In analyzing the agreement, it should also be noted that the plaintiff did reserve his rights against the manufacturer of the door. Certainly the plaintiff could have reserved his right to sue for malicious prosecution. However, no mention of this appears in the agreement.
We conclude, as did the trial court, that the plaintiff intended to release the defendant from all claims arising out of this accident. No fraud or mistake has been alleged. The agreement was a valid and binding settlement. C.C. Art. 3071.
Accordingly, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.