658 So.2d 1299 (1995)
Jeffery J. BAILEY
v.
MARTIN BROWER COMPANY, Darius Pique & XYZ Insurance Company.
No. CA 94 1179.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
*1300 Donald R. Dobbins, Baton Rouge, for appellee plaintiff Jeffery J. Bailey.
Thomas R. Peak, Baton Rouge, for appellant defendant Martin Brower Co.
Before FOIL, WHIPPLE and KUHN, JJ.
FOIL, Judge.
This appeal contests the action of the trial court in overruling an exception of res judicata, as well as the court's factual determination that the plaintiff employee was discharged for asserting a claim for worker's compensation benefits, in violation of La.R.S. 23:1361 B. After a thorough review of the record, we amend to increase the award of attorney fees and affirm.

BACKGROUND
Plaintiff, Jeffery Bailey, was employed by defendant, The Martin Brower Company, as a warehouse worker. On July 21, 1991, plaintiff apprised his supervisor that he injured his back while lifting containers, and a claim for compensation benefits was filed with Martin Brower's compensation carrier, CNA Insurance Companies. On September 5, 1991, plaintiff received a letter from his supervisor notifying him that he was being terminated from his employment with Martin Brower, effective immediately, for filing a fraudulent worker's compensation claim on July 21, 1991.
On December 9, 1991, plaintiff and Martin Brower entered into a release agreement with respect to the July 21, 1991, compensation claim. On September 4, 1992, plaintiff filed this wrongful termination suit against Martin Brower, in which plaintiff alleged that he was illegally fired for filing a worker's compensation claim in contravention of La. R.S. 23:1361 B. Martin Brower filed a peremptory exception of res judicata on the basis of the release. As to the merits of plaintiff's suit, Martin Brower asserted that it fired plaintiff not for simply filing a worker's *1301 compensation claim, but for filing a fraudulent claim.
The trial court referred the exception of res judicata to the merits. After considering all of the evidence adduced at the trial, the court overruled the exception, and ruled that plaintiff had been illegally terminated for asserting a claim for worker's compensation benefits. Specifically, the court found that Martin Brower did not offer any evidence to prove that plaintiff's claim was fraudulent. The court found that plaintiff never intended to defraud his employer; rather, he simply filed a compensation claim that was ultimately settled. Pursuant to La.R.S. 23:1361 C, the court awarded plaintiff one year's wages in the amount of $24,200.00, as well as attorney's fees in the amount of $4,185.00.
Martin Brower filed this appeal, challenging the court's ruling on the res judicata exception, and the court's liability finding. Plaintiff answered the appeal, seeking additional attorney's fees for having to defend the appeal.

RES JUDICATA
The peremptory exception of res judicata is based on the conclusive legal presumption of a thing previously adjudged between the same parties. Matthew v. Melton Truck Lines, Inc., 310 So.2d 691, 693 (La. App. 1st Cir.1975). While the doctrine of res judicata is ordinarily premised on a final judgment, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. A release of claim or claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata. Id.; Spencer v. Howard, Weil, Labouisse & Friedrichs, Inc., 543 So.2d 547, 550 (La.App. 4th Cir.), writ denied, 546 So.2d 1217 (La.1989); Thompson v. Bank of New Orleans and Trust Company, 422 So.2d 230, 231 (La.App. 4th Cir.1982). However, the authority of the thing adjudged resulting from the release extends to only those matters the parties expressly intended to settle. Matthew v. Melton Truck Lines, Inc., 310 So.2d at 693.
The release at issue contains general language purporting to release "all claims" plaintiff may have against Martin Brower. Based on the encompassing language of the release, Martin Brower urges that in addition to releasing his worker's compensation claim, plaintiff also released his retaliatory discharge claim when he executed the agreement. However, it is well settled that a general release will not bar recovery for those aspects of a claim not intended to be covered by the release. La.Civ.Code art. 3073; Thompson v. Bank of New Orleans and Trust Company, 422 So.2d at 231-232; Henderson v. Stansbury, 372 So.2d 1253, 1254 (La.App. 3d Cir.1979); Matthew v. Melton Truck Lines, Inc., 310 So.2d at 693. Thus, the only issue is whether plaintiff and Martin Brower intended to include plaintiff's wrongful discharge claim in the release.
We first look to the terms of the release in order to ascertain the parties' intent. The first paragraph of the release contains general language, in which plaintiff agreed to release Martin Brower from "any and all claims ... actions and causes of action, whether derivative or independent, arising from any act or occurrence up to the present time, and particularly, but not by limitation ... all claims and sustain[sic] in consequence of an accident that occurred on or about the 21st day of July, 1991 in Port Allen, Louisiana."
However, the second and third paragraphs of the release contain language specifically pertaining to the July 21, 1991, work incident. In the section pertaining to consideration, the document sets forth that in arriving at the $4,624.00 consideration figure, the parties took into account "not only the ascertained injuries, disabilities, and damages, but also the possibility that any injures sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not no[sic] anticipated, including death, may result ultimately directly or indirectly from the said accident." In the third and final paragraph, plaintiff acknowledged that Martin Brower did not admit liability because of the accident, and the release *1302 concludes as follows: "said payment in full compromise is made to terminate further controversy respecting all claims for damages that said Undersigned have heretofore asserted or might personally or through a personal representative, assign or trustee hereafter assert because of said accident aforementioned."
Martin Brower did not put on any evidence with respect to the parties' intent in executing the release. Plaintiff testified that after discussing the release agreement with his attorney, he believed it only pertained to the worker's compensation claim.
We find that given the language employed by the parties in the release agreement, as well as the only testimony on the parties' intent in confecting that agreement, the parties did not intend to release plaintiff's wrongful discharge claim. Although purporting to release Martin Brower from "all claims," the language of the release itself focuses on the plaintiff's worker's compensation claim arising on July 21, 1991. The termination, which gave rise to the instant cause of action, did not occur until September 5, 1991. There is nothing in the document pertaining specifically to this separate cause of action, although it was in existence prior to the time that the release was executed. Furthermore, the small consideration given in exchange for the release lends support to the conclusion that the parties intended for the release to only cover plaintiff's compensation claim.[1] Accordingly, we find that because the parties did not intend to release plaintiff's retaliatory discharge claim, the trial court correctly overruled defendant's exception of res judicata.

WRONGFUL DISCHARGE
Martin Brower's remaining assignments of error challenge the trial court's factual finding that plaintiff was terminated in violation of La.R.S. 23:1361 B, which prohibits an employer from discharging an employee for asserting a claim for worker's compensation benefits. Everyone agrees that the termination arose from plaintiff's action in asserting a claim for worker's compensation benefits. However, Martin Brower defended the discharge on the basis of its assertion that the claim asserted was a fraudulent one, and therefore, it fired plaintiff not for simply filing the claim, but for filing a fraudulent claim.
The record reflects that plaintiff was employed as a warehouse worker and was primarily responsible for loading and unloading food products in boxes weighing approximately forty to fifty pounds. Plaintiff reported a work accident to his supervisor on July 21, 1991, claiming that he injured his back while lifting containers. He was told by his supervisor to see Dr. James Grace for an evaluation. The next day, plaintiff saw Dr. Grace, who found that plaintiff was suffering from a pulled muscle in the right rib area, and released plaintiff to return to work to light duty if available. Plaintiff also consulted Dr. Joe Morgan, who recommended physical therapy. After two physical therapy treatments, plaintiff was notified that Martin Brower's compensation carrier refused to pay for any future physical therapy sessions. According to plaintiff, he went to the work place on September 4, 1991, to ascertain why the compensation benefits were terminated, and his supervisor showed him what he would be doing when he returned to work. The next day, however, plaintiff received a letter from his supervisor stating that he was being terminated from his position for filing a fraudulent worker's compensation claim.
*1303 In defending the termination, Martin Brower's employees testified that plaintiff's claim was turned over to the compensation carrier, and it was the compensation carrier's responsibility to investigate the claim. When a Martin Brower supervisor attempted to testify regarding what Mrs. Barbara Olson, the CNA claims manager who handled the compensation claim, told him about the nature of plaintiff's claim, plaintiff's attorney objected on the basis of hearsay because Mrs. Olson was not available to testify. Defense counsel urged that he was not offering the evidence for the proof of the assertion (that is, that the claim was indeed fraudulent), but was merely offering it to prove Martin Brower's state of mind when it terminated plaintiff (that is, that it thought the claim was fraudulent.) The trial court allowed a Martin Brower's employee to testify that Mrs. Olson told him that the claim was fraudulent because plaintiff submitted bills for two prescriptions that pre-dated the July 21, 1991, work accident.
However, in a letter dated August 23, 1991, Mrs. Olson advised Mr. Bailey that her company investigated the claim, and determined that his claim was "not compensable" under the Compensation act. Martin Brower received a copy of this letter, which does not contain any reference to the claim being "fraudulent."
The trial court ruled that defendant offered no evidence to prove that plaintiff's worker's compensation claim was fraudulent. The court found that plaintiff did not have any intent to defraud anyone, but merely filed a worker's compensation claim that was ultimately settled.
In challenging this factual finding, Martin Brower contends that the trial court committed several errors. First, it complains that the trial court incorrectly applied the presumption that Mrs. Olson's testimony would have been unfavorable to Martin Brower because it failed to call her as a witness. Secondly, Martin Brower contends that the trial court incorrectly shifted the burden in the retaliatory discharge case by requiring it to prove that the claim was fraudulent. Finally, Martin Brower asserts that plaintiff failed to prove by a preponderance of the evidence that he was fired for having asserted a worker's compensation claim.
Under La.R.S. 23:1361 B, an employee bears the burden of proving that he was discharged for filing a compensation claim. Lewis v. Willamette Industries, Inc., 537 So.2d 780, 783 (La.App. 2d Cir.), writ denied, 540 So.2d 331 (La.1989). It is undisputed in this case that plaintiff was terminated in connection with filing a compensation claim. Plaintiff offered proof that he filed a legitimate worker's compensation claim. Martin Brower charged that the claim was "fraudulent."
When an employer offers an excuse in connection with firing a worker's compensation claimant, a trial court must ascertain the employer's true reason or motive for firing the employee based on the facts presented. Lewis v. Willamette Industries, Inc., 537 So.2d at 783. Here, the trial court found that evidence did not support Martin Brower's purported justification, and ruled that Martin Brower terminated plaintiff for filing the compensation claim. The trial court's ruling that plaintiff was fired for filing a compensation claim is a question of fact, which may not be disturbed by this court in the absence of manifest error. Bowman v. F. Christiana and Company, Inc., 553 So.2d 971, 974 (La.App. 4th Cir.1989). This factual conclusion is a reasonable one based upon the entire record, and because we find no manifest error in this conclusion, we may not disturb it. Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La.1993). Since Martin Brower's only justification for the termination was permissibly rejected by the trial court, we can only find that the court correctly ruled that plaintiff was fired in retaliation for filing a worker's compensation claim in violation of La.R.S. 23:1361 B.

ATTORNEY'S FEES
Plaintiff requests that this court award additional attorney's fees incurred in defending *1304 this appeal. Plaintiff's attorney filed a brief in defending the appeal, and we believe that under the circumstances of this case, $1,200.00 is a reasonable award, and the judgment is amended to reflect that amount.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, The Martin Brower Company. Plaintiff's request for additional attorney's fees in connection with this appeal is hereby granted in the amount of $1,200.00.
AMENDED AND AFFIRMED.
NOTES
[1] This case is clearly distinguishable from Spencer v. Howard, Weil, Labouisse & Friedrichs, Inc., 543 So.2d 547 (La.App. 4th Cir.), writ denied, 546 So.2d 1217 (La.1989), relied on by Martin Brower. In that case, the court ruled that the parties intended to settle a retaliatory discharge claim in addition to settling a worker's compensation claim. In ascertaining the parties' intent, the court focused on language in the release and the consent judgment in which the employee agreed to settle all claims arising out of the work injury "or at any other time, or anything else that may have occurred to [the employee] while employed by [the employer]," as well as specific language that the parties intended to settle all claims arising under the compensation laws. Furthermore, the $30,000.00 settlement amount, where the employer disputed the plaintiff's alleged disability, was relied on by the court as further proof that the parties intended to bring to a conclusion all disputes existing between them.