STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

LEO KENNETH SONNIER
AND GENEVA SONNIER

VERSUS

LOUISIANA FARM BUREAU MUTUAL
INSURANCE CO., ET AL.


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-36-04
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

REVERSED AND REMANDED.

Michael R. Garber
Attorney at Law
1801 Ryan Street
Lake Charles, LA 70601
(337) 494-5500
Counsel for Plaintiffs/Appellants:
    Leo Kenneth Sonnier
    Geneva Sonnier

Frank M. Walker  Jr.
Plauche, Smith & Nieset
P. O. Box 1705
Lake Charles, LA 70602
(337) 436-0522
Counsel for Defendants/Appellees:
    Southern Farm Bureau Casualty Insurance Company
    Louisiana Farm Bureau Casualty Insurance Company
    Louisiana Farm Bureau Mutual Insurance Company

**Judy L. Burnthorn**
**Ashley E. Gilbert**
**Deutsch, Kerrigan & Stiles, L.L.P.**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 581-5141**
**Counsel for Defendant/Appellee:**
      **Herb Doucet**

**DECUIR, Judge.**

Plaintiffs appeal a judgment of the trial court dismissing their claims on defendants' motion for summary judgment alleging the issue was *res judicata.* For the reasons that follow, we reverse.

## FACTS

Kenneth and Geneva Sonnier purchased homeowners insurance from Louisiana Farm Bureau Mutual Insurance Company. They requested replacement cost coverage, but were informed by their agent, Herb Doucet, that replacement cost coverage was not available in Cameron Parish. Each year at renewal, they again requested replacement cost coverage and were told it was unavailable.

Subsequently, their home became infested with black mold. Ultimately, the Sonniers settled with Farm Bureau for their policy limits of $68,000.00. The cost to replace their home exceeds $200,000.00. At the time of settlement, the Sonniers were informed that Farm Bureau did, in fact, offer replacement cost coverage. Consequently, the Sonniers filed suit against Doucet and his errors and omissions insurer for failure to inform them of the available coverage.

Defendants filed a motion for summary judgment alleging that the issue was *res judicata* by virtue of the release signed by the Sonniers. The trial court agreed and granted the motion for summary judgment. The Sonniers lodged this appeal.

## RES JUDICATA

The Sonniers contend the trial court erred in finding their claim barred by *res judicata* and granting defendants' motion for summary judgment.

In *Bailey v. Martin Brower Co.,* 94 1179, p. 3 (La.App. 1 Cir. 4/7/95), 658 So.2d 1299, 1301, the court succinctly summarized the application of *res judicata* to releases as follows:

> While the doctrine of res judicata is ordinarily premised on a final judgment, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. A release of claim or claims, when given in exchange for

consideration, is a compromise and constitutes the basis for a plea of res judicata. [*Matthew v. Melton Truck Lines, Inc.*, 310 So.2d 691, 693 (La.App. 1st Cir.1975)]; *Spencer v. Howard, Weil, Labouisse & Friedrichs, Inc.*, 543 So.2d 547, 550 (La.App. 4th Cir.), *writ denied*, 546 So.2d 1217 (La.1989); *Thompson v. Bank of New Orleans and Trust Company*, 422 So.2d 230, 231 (La.App. 4th Cir. 1982). However, the authority of the thing adjudged resulting from the release extends to only those matters the parties expressly intended to settle. *Matthew v. Melton Truck Lines, Inc.*, 310 So.2d at 693.

The release at issue in this case provides that the Sonniers release Farm Bureau and its agents, employees, etc. "from any and all liability under policy No. H0308223 on any and all claims, demands and rights of action arising out of, or which may hereafter arise out of, an accident" that occurred at the Sonniers' home on the specified date.

Defendants argue that this release terminated all the Sonniers' claims. The Sonniers contend that the release covers only liability under the specific policy contract. It is well settled that a general release will not bar recovery for those aspects of a claim not intended to be covered by the release. La.Civ.Code art. 3073; *Henderson v. Stansbury*, 372 So.2d 1253, 1254 (La.App. 3 Cir. 1979). Accordingly, we must determine whether the Sonniers and Farm Bureau intended to include the claim at issue in the release.

We first look to the terms of the release in order to ascertain the parties' intent. Three phrases in the release are critical to our evaluation. The first is "liability under policy No. H0308223," and the second is "on any and all," and the third is "action arising out of." The trial court focused on the latter phrase in concluding that *res judicata* applied. We find this focus to be misplaced. The clear language releases Farm Bureau and its agents from liability "under" the policy. The second phrase connects the first to the third and defines which claims are settled under the policy. Had this phrase started with "and" rather than "on," the trial court would be correct and all liability under the policy and all liability arising out of the accident would

have been settled. This is not the case, and, as a result, the release applies only to liability "under" the policy "on" claims arising out of the accident.

We find that the language of the release is clear and unambiguous, and, therefore, we need not look elsewhere for the parties' intent. Accordingly, we find that the release covered only liability under the policy. The Sonniers' claim against Doucet arises out of the agent/broker relationship and is independent of the policy. *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728 (La.1973).

## PEREMPTION

Doucet argues that even if the Sonniers' claim is not *res judicata,* it is barred by the peremptive period provided in La.R.S. 9:5606. We disagree.

Louisiana Revised Statutes 9:5606, Actions for professional insurance agent liability, reads as follows:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Louisiana Civil Code Article 3458 defines peremption as "a period of time fixed by law for the existence of a right." Further, under that article, "[u]nless timely

3

exercised, the right is extinguished upon the expiration of the peremptive period." "Peremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461.

Doucet contends that his failure to notify the Sonniers of the availability of coverage occurred in 1998 and is, therefore, preempted. The Sonniers' petition, however, indicates that they were not notified that coverage was available until January of 2003. The last time the policy was renewed was 2002, and, therefore, in 2002, they allege Doucet's misrepresentation deprived them of the coverage they desired. The Sonniers filed suit on January 2, 2004.

Doucet argues that even if that is the case, a continuing tort does not defeat preemption. The Sonniers contend that it is not a continuing tort but instead each time they sought replacement coverage at renewal and were denied is a separate act. We agree. The insurance contract is subject to renewal or cancellation each year. Therefore, the alleged misrepresentations each year by Doucet impacted the Sonniers' decision whether to reenter the contractual relationship and constituted a separate act.

In order to defeat Doucet's claim of preemption, the Sonniers must have filed suit within one year of finding out about the availability of the coverage in January of 2003 and within three years of Doucet's last failure to notify them of the coverage in 2002. The Sonniers' January 2, 2004 filing falls within both periods. Accordingly, we find that the Sonniers' claim regarding the failure to notify them of the availability of replacement cost coverage is not preempted. We refer the issue of preemption of the remaining claims to the merits.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings. All costs of these proceedings are taxed to Appellees.

**REVERSED AND REMANDED.**

4