No. 08-30130

# REVISED JUNE 5, 2008
## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

June 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-30130
Summary Calendar

LEON WHITFIELD; MARY WHITFIELD

Plaintiffs - Appellants

v.

ALPHA INSURANCE LLC

Defendant - Appellee

Appeal from the United States District Court for the Eastern District of
Louisiana
USDC No. 2:06-cv-04166

Before JOLLY, HIGGINBOTHAM and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leon and Mary Whitfield appeal the trial court's summary judgment in favor of Alpha Insurance LLC ("Alpha"). Because no genuine issue of material fact exists concerning Alpha's defense of peremption, and Alpha is entitled to prevail as a matter of law, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

On September 30, 1994, the Whitfields purchased a home in New Orleans. Subsequently, the Whitfields purchased a $33,000 flood insurance policy (the "Old Policy") through their lender, Countrywide Home Loans, Inc. ("Countrywide").[1] Countrywide paid for the Old Policy premiums with funds held in escrow.

"On or about June 4, 2003," in conjunction with refinancing their home, the Whitfields purchased a separate $133,000 flood insurance policy (the "New Policy"). The Whitfields contend that the New Policy was designed to replace the Old Policy.[2] Alpha was the independent insurance agent that secured this coverage on the New Policy.[3] The Whitfields allege that in submitting their application for the New Policy, Alpha failed to properly designate their mortgagee, Countrywide Home Loans, as the payor of renewal premiums.[4] As a result, the renewal notices went to the Whitfields directly and to Alpha.

The Whitfields received a renewal invoice for the New Policy and allegedly contacted Alpha, but Alpha "did not take any actions to determine the cause of the flood insurance problems when the Whitfield's [sic] contacted them in April of 2004."[5] Consequently, the Whitfields contend that they had to call Countrywide. Countrywide told the Whitfields that it had paid the policy premiums. But Countrywide had been paying premiums on the Old Policy, not on the New Policy. As a result, Mrs. Whitfield admittedly called and informed Alpha that Countrywide had paid the policy premiums. Mrs. Whitfield also admitted that she did not expect to hear anything further from Alpha.[6] Ultimately, the New Policy lapsed in June of 2004 for nonpayment of premiums.

Hurricane Katrina damaged the Whitfields' home on August 29, 2005.

---

[1] R. at 785, Pre-Trial Order.
[2] R. at 718, Appellants' Petition for Damages.
[3] R. at 777, Pre-Trial Order.
[4] Appellants' Brief at 9.
[5] R. at 829.
[6] R.at 754.

The Whitfields contend that they learned of the lapse of the New Policy only after making a claim following Hurricane Katrina.  They filed this lawsuit on June 23, 2006 against Countrywide, Alpha and Fidelity (the carrier on the New Policy).  The trial court granted summary judgment to all three defendants.  The Whitfields appeal only the grant of summary judgment to Alpha.

"We review a summary judgment de novo." Carrizales v. State Farm Lloyds, 518 F.3d 343, 345 (5th Cir. 2008).  This court must review the facts in the light most favorable to the nonmovant.  United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).  Under well-established law, a summary judgment movant bears the initial burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to prevail as a matter of law.  FED. R. CIV. P. 56©; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  If that burden is met, the burden shifts to the non-movant to raise a dispute of material fact.  Lawrence, 276 F.3d at 197.  Alpha moved for summary judgment under Louisiana's peremption statute which provides for an absolute limitations period of three years in a case involving an insurance agent's wrongdoing:

> No action for damages against any insurance agent . . . [regardless of legal theory] shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect or within one year from the date that the alleged act, omission or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect.

LA. REV. STAT. ANN. § 9:5606 (2007).

Alpha contends, and the trial judge agreed, that its wrongdoing, if any, was the failure to list Countrywide as the payor of premiums.[7]  Similarly, the Whitfields' first issue on appeal is whether Alpha was negligent in failing to

---

[7] R. at 878-79, Eastern District's Order and Reasons.

designate Countrywide as the payor of the premiums on the New Policy application.[8] Alpha's alleged negligence occurred on May 30, 2003 when the New Policy application was completed. But the Whitfields did not purchase the New Policy until June 4, 2003. Louisiana case law states that peremption begins to run on the "date of purchase." Holmes v. AAA Ins., No. 06-3837, 2007 WL 3124678, *2 (E.D. La. Oct. 25, 2007); see Calvin v. Janbar Enters., 856 So. 2d 88, 91 (La. Ct. App. 2003); Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 381-82 (La. Ct. App. 2003). Accordingly, the Whitfields should have filed suit no later than June 4, 2006.

To extend this date, the Whitfields raise three arguments. First, they argue that they "did not have actual or constructive knowledge that they were victims of a tort until well after they filed their claim."[9] Second, they assert that Alpha's conduct in 2004 began the peremption time clock anew, such that their June 23, 2006 filing was within three years. Finally, they argue that various legislative enactments passed in the wake of the Katrina disaster extended their time to file this lawsuit. We will address each argument in turn.

First, the Whitfields' argument that they did not learn of the 2003 Alpha error until after filing their claim is unavailing. Louisiana law sets an absolute outside time limit for such claims of three years from the date of the alleged wrongdoing, regardless of when the wrongdoing was discovered. LA. REV. STAT. ANN. § 9:5606. Here, the peremption period began to run June 4, 2003 and ended on June 4, 2006. When the Whitfields discovered the error is irrelevant for purposes of applying the three-year peremption period.

Second, the Whitfields claim that in May of 2004, they contacted Alpha such that "there was further occasion for misrepresentation,"[10] citing Sonnier v.

---

[8] Appellants' Brief at 7.
[9] Appellants' Brief at p. 14.
[10] Appellants' Brief at 16.

La. Farm Bureau Mut. Ins. Co., 924 So. 2d 419 (La. Ct. App. 2006). The Whitfields argue this prompted the beginning of a new peremption period. However, the Whitfields neither described in their brief nor raised a fact issue in the district court concerning any "misrepresentation" by Alpha in 2004. In Sonnier, the insureds alleged that each year they asked the insurance agent for replacement cost coverage, and each year, he falsely said none was available. 924 So. 2d at 422. By contrast, Alpha's failure to advise the Whitfields in 2004 of its mistake in 2003 is not a new tort.[11] See Biggers v. Allstate Ins. Co., 886 So. 2d 1179 (La. Ct. App. 2004) (peremption period for agent's failure to procure adequate coverage began with the initial failure; each successive renewal period did not start the clock running anew). Thus, the beginning of the Whitfields' peremption period is still June 4, 2003, and their second argument does not provide a basis on which to reverse the trial court's judgment.

Finally, the Whitfields quote at length from various enactments designed to address the immediate aftermath of Katrina during which courts were closed or inaccessible and potential claimants were scattered.[12] The latest deadline extension provided by the sections cited was June 1, 2006. See LA. REV. STAT. ANN. § 5824. The Whitfields filed this lawsuit three weeks later on June 23, 2006. The enactments designed to address the immediate aftermath of Katrina do not apply to the Whitfields' case.

The district court's judgment is AFFIRMED.

---

[11] Even if this were a "new" inaction, it was an inaction of which the Whitfields were clearly aware because they took it upon themselves "to perform the research to determine what happened themselves." (Appellants' Brief at 16). Thus, even if they had raised a fact issue on this point and even if it were a "separate action" it would be barred by the one-year from the date of discovery preemptive period of Section 9:5606.

[12] Appellants' Brief at 17-24 (quoting LA. REV. STAT. ANN. §§ 9:5821-5825 and *Louisiana v. All Prop. & Cas. Ins. Carriers Authorized and Licensed to do Business in the La.*, 937 So. 2d 313, 327 n.13 (La. 2006)).