# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 12-518

C.F. KIMBALL, III AND
LINDA R. KIMBALL

VERSUS

LUHR BROS. INC. D/B/A
CONSTRUCTION AGGREGATE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-0847 DIV. "L"
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and Shannnon J. Gremillion, Judges.

**AFFIRMED.**

**Randy M. Guidry**
**Durio, McGoffin, Stagg & Ackermann**
**220 Heymann Boulevard**
**Post Office Box 51308**
**Lafayette, Louisiana 70505-1308**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **C.F. Kimball, III and Linda R. Kimball**

**Paul C. Miniclier**
**Law Office of Paul C. Miniclier**
**1305 Dublin Street**
**New Orleans, Louisiana 70118**
**(504) 864-1276**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Omni Marine Transportation, Inc. and**
  **Luhr Bros. Inc.**

**GENOVESE, Judge.**

In this property damage lawsuit, Plaintiffs, C.F. Kimball, III and Linda R. Kimball, appeal the trial court's grant of exceptions of res judicata filed by Defendants, Omni Marine Transportation, Inc. and Luhr Bros. Inc. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The Kimballs initially filed suit against Luhr Bros. Inc. (Luhr Bros.)[1] d/b/a Construction Aggregate for damages to their property located along the Vermillion River in Lafayette Parish. They later amended their lawsuit to name Omni Marine Transportation, Inc. (Omni) a defendant. Luhr Bros. is the owner of a shell yard located directly across the river from the Kimballs' property. Omni is the owner of vessels that make deliveries to the Luhr Bros.' facility.

In their Petition for Damages, the Kimballs contend that Omni and Luhr Bros. "have been actively engaged in activities causing the destruction of certain property, specifically, a bulkhead, belonging to the [Kimballs], all as a result of their business activities on and adjacent to the Vermilion River and during the course and scope of their businesses." In response, Omni and Luhr Bros. filed responsive pleadings, including exceptions of res judicata, an answer, and a reconventional demand against the Kimballs.

In their exceptions of res judicata, Omni and Luhr Bros. asserted that prior litigation between the parties resulted in the execution of a Receipt, Release, and Indemnity Agreement (the Release), which they claim bars the current litigation.

---

[1] Although the caption of the Kimballs' initial Petition for Damages identifies Luhr Bros. Inc. d/b/a Construction Aggregate as a Defendant, also named as a Defendant was Omni. The petition was subsequently amended to dismiss Construction Aggregate. Omni and Luhr Bros. also filed a third party demand against Danny Richard and later amended same to name Danny D. Richard a/k/a Danny Richard and Shoreline Designs, Inc. These third party claims were also subsequently dismissed.

The exceptions were heard by the trial court on February 27, 2012.[2] The trial court granted the exceptions and dismissed the claims of the Kimballs, with prejudice. The Kimballs have appealed.

**ASSIGNMENTS OF ERROR**

The Kimballs assert on appeal that "[t]he [trial] [c]ourt committed manifest error in granting the [e]xception[s] of [r]es [j]udicata because [they] did not release [Omni and Luhr Bros.] from damaging a structure that did not even exist at the time of execution of the release."

**LAW AND DISCUSSION**

**Standard of Review**

The standard of review to be applied in this case is that of manifest error. *Steckler v. Lafayette Consol. Gov't*, 11-427 (La.App. 3 Cir. 11/2/11), 76 So.3d 161, *writs denied*, 11-2639, 11-2677 (La. 2/10/12), 80 So.3d 477, 487. In *Steckler*, 76 So.3d at 164, this court stated as follows:

> "The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties." *Jones ex rel. Jones v. GEO Group, Inc.*, 08-1276, p. 4 (La.App. 3 Cir. 4/1/09), 6 So.3d 1021, 1024 (citing *State ex rel. Sabine River Auth. v. Meyer & Assocs. Inc.*, 07-214, 07-215 (La.App. 3 Cir. 10/3/07), 967 So.2d 585).

**Res Judicata**

The doctrine of res judicata is codified in La.R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

---

[2] Various other matters were also heard on this date; however, they are not before this court on appeal.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Our Louisiana Supreme Court, in *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053, set forth the following five requisite elements for a matter to be considered res judicata:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

The Kimballs do not contest the fact that the instant litigation satisfies the first, second, third, and fifth *Burguieres* elements. Instead, they ask this court "to focus on criteria number four." The Kimballs argue that "[t]here simply is no way that the cause or causes of action asserted in the second suit existed at the time of the final judgment of the first suit." At the time the release was executed, March 25, 2002, the bulkhead was not yet in existence; therefore, they conclude that the cause of action in the instant suit, filed February 11, 2008, could not exist in 2002.

The jurisprudence is clear that a release of claims given in exchange for consideration, is sufficient basis for an exception of res judicata.

In *Bailey v. Martin Brower Co*., 94 1179, p. 3 (La.App. 1 Cir. 4/7/95), 658 So.2d 1299, 1301, the court succinctly summarized the application of res judicata to releases as follows:

While the doctrine of res judicata is ordinarily premised on a final judgment, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the

3

> parties. A release of claim or claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata. [*Matthew v. Melton Truck Lines, Inc.*, 310 So.2d 691, 693 (La.App. 1st Cir.1975)]; *Spencer v. Howard, Weil, Labouisse & Friedrichs, Inc.*, 543 So.2d 547, 550 (La.App. 4th Cir.), *writ denied*, 546 So.2d 1217 (La.1989); *Thompson v. Bank of New Orleans and Trust Company*, 422 So.2d 230, 231 (La.App. 4th Cir.1982). However, the authority of the thing adjudged resulting from the release extends to only those matters the parties expressly intended to settle. *Matthew v. Melton Truck Lines, Inc.*, 310 So.2d at 693.

*Sonnier v. La. Farm Bureau Mut. Ins. Co.*, 05-1006, pp. 2-3 (La.App. 3 Cir. 3/1/06), 924 So.2d 419, 420-21, *writ denied*, 06-704 (La. 5/26/06), 930 So.2d 33. Thus, whether the present exceptions are meritorious hinge on the language of the Release. Although we agree with the Kimballs that "a general release will not bar recovery for those aspects of a claim not intended to be covered by a release[,]" such is not the case in the language of the Release between the parties.

In the instant matter, the Release (emphasis added) at issue contains the following language:

> THEREFORE, in consideration of the payment to C. F. Kimball, III, and Linda R. Kimball the sum of ONE HUNDRED AND FIFTY THOUSAND AND NO/100 ($150,000) DOLLARS, the Kimballs, hereby release, forever discharge, and dismiss with prejudice Luhr Bros., Inc., d/b/a Construction Aggregate Supply, Omni Marine Transportation, Inc., American Employer's Insurance Company, Fairfield Insurance Company, Fireman's Fund Insurance Company, Royal Insurance Company, Markel Insurance Company and/or their subsidiaries, affiliates, predecessors, successors, parent and/or related corporations and/or entities, owners, general partners, limited partners, agents, officers, representatives, employees, executive officers, directors, stockholders, assigns, underwriters (hereinafter RELEASEES) *from any and all claims past, present and future that the Kimballs asserted or could have asserted in the pending lawsuit referenced above against RELEASEES **for restoration of and/or protective measures** for the Kimballs' bank on the Vermilion River*, without any admission of liability on the part of RELEASEES. The cause(s) of action compromised herein by the Kimballs sought restoration of riparian property on the Vermilion River from RELEASEES *as well as **installation of protective measures** for the Kimballs' bank. With the exception of this release, the Kimballs agree that the sums received in this compromise are

4

sufficient to compensate fully for the restoration of any property loss they have suffered. Further, the Kimballs agree that, to the extent that any such obligation ever existed, *the sums received in this compromise satisfy fully the obligation of RELEASE[E]S* **to implement any protective measures** for the Kimballs' bank on the Vermilion River in Lafayette Parish Louisiana with *the Kimballs now assuming the obligation* **to implement any protective measures** for the Kimballs' bank on the Vermilion River.

The Kimballs' argument that they did not release Omni and Luhr Bros. "from damaging a structure that did not even exist at the time of execution of the [R]elease[,]" completely ignores the express language of the Release itself. Contrary to their assertions, the Release language acknowledges that the causes of action asserted by the Kimballs in the first lawsuit sought two forms of relief, namely, "restoration" of their property and "installation of protective measures[.]" Further, the Release acknowledges that the sums received in settlement "satisf[ied] fully" not only any obligation of restoration, but, additionally, "the obligation [of Omni and Luhr Bros.] to implement any protective measures[.]" Moreover, the Release expressly includes any future claims and, consistent therewith, provides an assumption by the Kimballs "to implement any protective measures."

The first lawsuit and the Release, that ultimately compromised the litigation, included both restoration of the Kimballs' property and the implementation of protective measures, i.e., the bulkhead. From the time the Release was executed, these protective measures became the sole responsibility of the Kimballs; the fact that the bulkhead did not exist at the time the Release was executed is impertinent, immaterial, and irrelevant. Under *Burguieres*, 843 So.2d at 1053, "the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation[.]" Accordingly, we find no manifest error in the trial court's grant of the exceptions of res judicata filed by Defendants, Omni Marine Transportation, Inc. and Luhr Bros. Inc.

## DECREE

The judgment of the trial court granting the exceptions of res judicata in favor of Omni Marine Transportation, Inc. and Luhr Bros. Inc. dismissing the claims of C.F. Kimball, III and Linda R. Kimball, with prejudice, is affirmed. All costs of this proceeding are taxed to C.F. Kimball, III, and Linda R. Kimball.

**AFFIRMED.**